American Tr. Ins. Co. v Excell Clinical Lab (2024 NY Slip Op 50820(U))

[*1]

American Tr. Ins. Co. v Excell Clinical Lab

2024 NY Slip Op 50820(U)

Decided on June 28, 2024

Civil Court Of The City Of New York, New York County

Li, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 28, 2024
Civil Court of the City of New York, New York County

American Transit Insurance Company, Petitioner,

against
Excell Clinical Lab A/A/O VELOZ, Respondent.

Index No. CV-003210-20/NY

Plaintiff's counsel:
Peter Charles Merani
1001 Avenue of the Americas Ste 1800 
New York, New York 10018-5460
Pro se Defendant

Wendy Changyong Li, J.

I. Recitation of the papers considered in the review of this Motion as required by CPLR 2219 (a)
Upon reading Petitioner's unopposed Petition to Vacate Arbitration Award ("Petition"), the Petition is decided as follows.

 II. Procedural History
On August 2, 2019, Arbitrator Taylor awarded Respondent $3,129.75 in No-Fault benefits relating to an alleged motor vehicle accident on October 18, 2017. Master Arbitrator Godson upheld the award in a decision dated December 24, 2019. On February 11, 2020, Petitioner's filed the Petition. Respondents have not opposed or otherwise appeared in this Petition.

III. Discussion
Petitioner sought relief under CPLR 7511(b) which states that the grounds for vacating an arbitration decision are "(i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection" [emphasis added].
The Petitioner asserted, having submitted a peer review by Dr. Polavarapu alleging that the disputed services provided by Respondent EXCELL CLINICAL LAB were medically unnecessary, that the "burden" was then on Respondents to establish medical necessity. Respondents allegedly failed to do so. Indeed, they did not offer any IME Report or peer review of their own. Petitioner asserted that Respondents' "failure" to meet their "burden" meant that the Arbitrators' decisions were not "final and definite".
The Court disagrees. Petitioner's outline of how the evidentiary burden shifts between Petitioner and Respondent properly describes the dynamics during a trial determining entitlement or a motion for summary judgment (see Citywide Social Work & Psychological Servs., PLLC v Allstate Ins. Co., 20 Misc 3d 1124[A], 1124A, 2008 NY Slip Op 51601[U], *1 [Sup Ct, Nassau County 2008]; Amaze Med. Supply, Inc. v Eagle Ins. Co., 2 Misc 3d 128[A], 128A, 2003 NY Slip Op 51701[U], *1 [App Term 2003]; Andrew Carothers, M.D., P.C. v GEICO Indem. Co., 18 Misc 3d 1147[A], 1147A, 2008 NY Slip Op 50456[U], *1 [Civ Ct, Kings County 2008]). However, the same evidentiary standards do not apply to no-fault arbitrations (see Am. Tr. Ins. Co. v Right Choice Supply, Inc., 78 Misc 3d 890, 891 [Sup Ct, Kings County 2023]). "When determining an issue of medical necessity, a No-Fault hearing arbitrator is not required to apply the well-settled case law holding that the health service provider must submit expert opinion evidence which meaningfully refers to and either discusses or rebuts the conclusions of the insurer's expert witness" (Id.).
"Judicial review of arbitration awards is extremely limited" (Matter of O'Neill v GEICO Ins. Co., 162 AD3d 776, 777 [2d Dept 2018]). "Vacatur of an award pursuant to [CPLR 7511(b)(iii)] is warranted only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Id. [internal citations omitted]). Petitioner here did not allege a violation of strong public policy or that the award clearly exceeded a specifically enumerated limit. The Court does not find either Arbitrator's reasoning to be irrational. Arbitrator Taylor's decision indicated a "close examination" of the materials submitted by Petitioner and discussed her reasoning. In particular, she found that an MRI report showing "interstitial tear of the ACL and focal vertical tear medial meniscus . . . reasonably establish a basis to perform surgery to repair the tears of the ACL and medial meniscus" (Exhibit A, Petition). Master Arbitrator Godson concurred.
On the topic of finality: "Nothing in the award would lead the parties to a new controversy or litigation, the rights and obligations of the parties are clearly established, and the controversy between the parties is clearly resolved. Accordingly, the arbitrator's award is sufficiently final and definite" (Geico Indem. Co. v. Ace USA Grp., 2022 NYLJ LEXIS 1101, *7).

 IV. Order
Accordingly, it is
ORDERED that the Petition to Vacate Arbitration Award is DENIED in its entirety.
Dated: June 28, 2024
County of New York
Honorable Wendy Changyong Li, J.C.C.